EDWARDS v. BOARD OF ED., CITY OF OKLAHOMA CITY, et al.

No. 32633. June 11, 1946.

*169 P. 2d 1015.*

J. F. Colson, of Oklahoma City, for plaintiff in error.

W. A. Lybrand, of Oklahoma City, for defendants in error.

BAYLESS, J. This appeal from the district court of Oklahoma county by W. W. Edwards involves the correctness of a judgment of that court denying Edwards relief against board of education of the City of Oklahoma City et al.

Edwards brought the action to enjoin board and its members from paying sums of money to teachers employed by it in addition to the salaries specified in the respective contracts of employment. The evidence shows that the teachers were employed by means of usual written contracts that are not assailed. However, it does appear that board faced difficulty in employing teachers at the prevailing salary scale and desired to offer and agree to pay higher salaries but was uncertain that enough money would be found to enable this to be done. July 30, 1945, board adopted the following resolution:

"It is impossible, prior to the opening of the Oklahoma City schools to ascertain with any degree of certainty the amount of money that will be available for the payment of teachers' salaries. For that reason the salaries in the contracts entered into with teachers is made a tentative salary and is subject to revision, up or down, depending upon the funds available for the payment of teachers' salaries.

"This fixing of the permanent salary shall be made as soon as it is ascertained what funds are available.

"It is not intended that in revising to a fixed salary that the revision will be made individually as to the individual teacher, but that the revision will be uniform in the sense that it will be according to a plan for revision to be made by the Board. It is contemplated that as to certain types and certain classes of teachers, there will probably be no revision or not material revision from the tentative salary."

Pursuant to the idea expressed in this resolution, board carried out a policy of finding money for teachers' salaries increase, in addition to the amount estimated in the budget approved by the county excise board, and eventually, by supplemental appropriation in due manner, possessed sufficient additional funds to carry out its purpose. May 6, 1946, it adopted a lengthy resolution specifying its reasons and plan. At the same time it published a schedule of additional payments based on a so-called "differential" applicable to the employees generally.

It is to prevent the payment from this fund of money in addition to the salaries specified in the individual contracts that this action is brought. It is not contended that any of the restrictions upon the operation of municipal finance, embodied in any particular provision of our Constitution and statutes, is being violated, but only that there is a threatened violation of the spirit of the Constitution and statutes implied in the legal reason given for enjoining these payments. The legal reason upon which this relief is sought is the well known rule that a contract that is indefinite and uncertain in its terms cannot be enforced and therefore is invalid. We are cited 12 Am. Jur. 562, sec. 71, wherein it is stated, as a general rule, "A reservation to a party of an unlimited right to determine the nature and extent of compensation he will make renders his promise too indefinite to be valid." See 92 A.L.R. 1399 for an annotation on this subject. The text above quoted is followed immediately by qualifying language that renders the rule relied on of little value under this record and in this jurisdiction, especially where the rule relied on has been denied application in every instance where the rights of the parties could be reasonably adjusted. N. A. Car Corp. v. Green, 175 Okla. 136, 52 P. 2d 798, and cases reviewed therein.

No doubt it has been noted by this time that the rule relied on by Edwards is one usually invoked by a party to the contract, in litigation between the parties to the contract, and no instance has come to our attention wherein a person not a party to the contract has been allowed to interfere with the parties to a contract to prevent their voluntarily carrying out its terms in a manner suitable to them on the theory that the contract was invalid because indefiniteness and uncertainty might render it unenforceable in court. The exceptional circumstance here of a taxpayer so intervening in a contractual

arrangement between a municipality and its employees gives some support to Edwards maintaining the action.

But since contracts for employment made by a school district and its employees are governed by the ordinary rules of contract law, except where expressly restricted by Constitution or statute, Smith v. School District, 187 Okla. 184, 102 P. 2d 131, and Edwards has cited no rule of contract law whereon he can prevent the carrying out of this contract, and since he makes no pretense of citing or relying on restrictive constitutional or statutory provisions, we hold there is no merit in this contention.

Edwards next argues that the requirement of the law of Oklahoma that school districts conduct their affairs on a cash basis and in an orderly manner precludes the notion that contracts providing for tentative salary payments are legal or orderly. He cites no applicable authority. We find none in 56 C.J. 422, sec. 381, where the subject is treated. He says contracts of employment by school districts must be definite and certain in the amount to be paid, otherwise they are invalid. This argument ignores the limitation inherent in all such contracts of employment that all agreements to pay are dependent upon the estimated income. To this extent they are all tentative. But they are not illegal, or invalid and unenforceable for that reason. Where they are executed, they are enforceable within estimated income and unenforceable beyond that point.

To an extent, the decision in Smith v. School District, above, is authority contrary to Edwards' position throughout. The contract signed by the teacher in that case called for the highest rate of compensation that could be paid to one of her qualifications under a scheme of state aid for schools. This rate was not known at the time she signed and could not be known until calculations were made after the fiscal year had progressed. The tentative nature of her contract on this point was not assailed, but this court in discussing the issues presented by the record on appeal did not regard this point as raising an issue necessary to be decided within the purview of the rule that public questions of important constitutional import will be noted and decided whether so regarded by the parties or not. Some uncertainty whether contracts made actually exceeded the estimate in the budget, and especially the schedule prepared by the county superintendent, was held not to affect a teacher's contract where it was discovered toward the end of the fiscal year that the total of teachers' salary claims would not exceed the legal estimate. Sams v. Creek County, 72 Okla. 84, 178 P. 668. In that case the county superintendent had refused to permit the teacher to teach under her contract because of the anticipated shortage of funds, yet she was allowed to recover against the county for the services she had been willing to perform under her contract. Whether the county superintendent's decision not to let her teach was in good faith was not treated as relevant and the decision was placed squarely on the validity of the contract of employment in the light of the school district's financial experience as the fiscal year progressed. We think there is enough analogy in this case and the Smith Case above to the one under consideration to justify reference to them as offering some support to our views herein.

The record discloses that the board's purpose and plan with respect to the total salaries to be paid has been consistent and nondiscriminatory, and within the lawful provisions governing the details of fiscal management. The attack thereon upon the grounds advanced and discussed is not meritorious.

The judgment appealed from is affirmed.

HURST, V.C.J., and OSBORN, WELCH, CORN, and DAVISON, JJ., concur.